UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVY S.G.,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-06795-TLN-CSK

A# 233-058-490

**RELEASE ORDER**

This matter is before the Court on Petitioner Kevy S.G.s[1] ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). (ECF No. 1.) The matter is fully briefed. (ECF No. 8.) For the reasons set forth below, the Petition is GRANTED and the Court orders Petitioner's IMMEDIATE RELEASE.

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

Petitioner is a noncitizen who entered the United States on December 19, 2023. (ECF No. 2 at 6.) Petitioner was granted humanitarian parole into the United States after presenting himself to immigration authorities. (*Id.*; ECF No. 8 at 6.) In the time that followed, Petitioner applied for adjustment in status, and that application is currently pending. (ECF No. 2 at 5–31; ECF No. 8 at 6.) Petitioner has a United States citizen child. (ECF No. 2 at 16.)

On January 16, 2026, Petitioner pleaded guilty to misdemeanor assault. (ECF No. 8 at 24.) He was sentenced and credited for time served. (*Id.*) The following day, Petitioner was taken into custody by U.S. Immigration and Customs Enforcement ("ICE"). (*Id.* at 6.) On March 6, 2026, an immigration judge ("IJ") with the Conroe Immigration Court in Texas denied Petitioner's request for custody redetermination. (*Id.* at 30.) The entirety of the IJ's reasoning is as follows: "Danger to the community." (*Id.*) Petitioner was subsequently transferred to the Central Valley Annex Detention Facility. (ECF No. 1 at 1.)

On August 25, 2026, Petitioner filed the instant Petition challenging the lawfulness of his civil immigration detention. (*Id.* at 6.) Petitioner seeks immediate release. (*Id.* at 7.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

///

### III. ANALYSIS

Petitioner claims his civil immigration detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 6.) In opposition, Respondent contends Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) ("§ 1225(b)(2)") because he was granted humanitarian parole. (ECF No. 8 at 1–2.) Alternatively, Respondent argues Petitioner is lawfully detained under 8 U.S.C. § 1226(a) ("§ 1226(a)"). (*Id.* at 2.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

#### A. Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Petitioner developed significant "enduring attachments to normal

life," in the time he spent living in the United States after being granted humanitarian parole. *Morrissey*, 408 U.S. at 482. That Petitioner's detention by ICE occurred immediately upon his release from criminal detention after being sentenced to time served amplifies the significance of his liberty interest. Like the parolee in *Morrissey*, freedom would "enable[ ] [Petitioner] to do a wide range of things open to persons who have never been convicted of any crime." 408 U.S. at 481–82. This includes the opportunity to "be gainfully employed and [ ] free to be with family and friends[.]" *Id.* Petitioner thus has a significant interest in his liberty protected by the Fifth Amendment.

The Court rejects Respondent's argument that Petitioner is subject to mandatory detention under § 1225(b)(2). Respondent asserts that under *Rodriguez Vazquez*, individuals like Petitioner who are granted humanitarian parole into the United States remain subject to mandatory detention under § 1225(b)(2). That is a misrepresentation. The Ninth Circuit created no such carveout that would exclude individuals like Petitioner from its holding that "[noncitizens] present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1226(b)(2)(A)." 183 F.4th 1160, 1165 (9th Cir. 2026). The language Respondent quotes — "Illegal border-crossers are indeed subject to § 1225(b)(2)(A)" — comes from a summary of the government's position. *Id.* at 1182. It does not represent the opinion of the Court of Appeals. Petitioner fits squarely with the *Rodriguez Vazquez* class since his humanitarian parole into the United States was not an "admission" under the Immigration and Nationality Act, *see* 8 U.S.C. § 1101(a)(13)(B), and he was apprehended in the interior of the United States. Petitioner therefore is not subject to mandatory detention under § 1225(b)(2) and he maintains a liberty interest protected by the Due Process Clause.

B. <u>Process Required</u>

To determine what process is necessary to ensure any deprivation of Petitioner's liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and

the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's right to notice and a constitutionally compliant hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. "The government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings[.]" *Hernandez*, 872 F.3d at 990. However, to detain a noncitizen for those reasons, an IJ must examine the nine factors set forth in *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). Upon review of the record, the IJ's decision to deny Petitioner release does not pass constitutional muster.

IJ detention determinations are reviewed for "abuse of discretion." *Martinez*, 124 F.4th at 783–84 (9th Cir. 2024). It is an abuse of discretion for an IJ to render a decision that is "arbitrary, irrational, or contrary to law." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016) (quoting *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011)). A decision with no reasoned explanation for the IJ's findings is an abuse of discretion. *See Hernandez Arechiga v. Bowen*, No. 26-CV-1516, 2026 WL 1500398, at *4 (C.D. Cal. May 26, 2026) (finding abuse of discretion where IJ denied bond based on conclusory findings without explanation and collecting cases finding similarly); *see also Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (citing *Yepes–Prado v. INS*, 10 F.3d 1363, 1370 (9th Cir. 1993) ("Immigration judges, although given significant discretion, cannot reach their decisions capriciously and must indicate how they weighed the factors involved and how they arrived at their conclusion.") (cleaned up); *Barnica-Lopez v. Garland*, 59 F.4th 520, 530 (1st Cir. 2023) (citing *Pan v. Gonzales*, 489 F.3d 80, 87 (1st

Cir. 2007) (IJs must give "reasoned consideration to the evidence as a whole, [make] supportable findings, and adequately explain[] its reasoning").

Here, the IJ's decision to deny Petitioner's request for custody redetermination is conclusory and lacks any indication that the IJ meaningfully considered evidence or testimony. The IJ's one-sentence decision contains no mention of the *In re Guerra* factors or any other reasoned explanation as to how the IJ found Petitioner poses a danger to the community. While Petitioner was detained by ICE after pleading guilty to misdemeanor assault, "criminal history alone will not always be sufficient to justify denial of bond on the basis of dangerousness. Rather, the recency and severity of the offenses must be considered." *Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011) *abrogated on other grounds* (citing *Guerra*, 24 I. & N. Dec. at 40). Without any meaningful explanation of the IJ's reasoning, factors considered, evidence weighed, or factual support for the IJ's finding, Petitioner has not been provided adequate due process to ensure the deprivation of his liberty is justified. The Court thus finds the risk that Petitioner has been erroneously deprived of his liberty is high.

As to the final *Mathews* factor, the government's interest in detaining Petitioner without notice or a proper bond hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Notice and custody hearings are routine processes for Respondent, and any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondent sets forth no legitimate interest in detaining Petitioner without these processes.

Upon consideration of the *Mathews* factors, the Court finds due process required that Petitioner receive notice and a constitutionally compliant hearing before a neutral decisionmaker to determine whether his detention was justified. He received neither. Petitioner's detention therefore violates the Fifth Amendment Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondent must IMMEDIATELY RELEASE Petitioner Kevy S.G. (A # 233-058-490) from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions. Respondent shall file a **notice of compliance** with this provision of the Court's Order within **two (2) court days** from the date of this Order.

2. Respondent is ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Respondent's motion for 4-day extension of time to file response (ECF No. 7) is GRANTED.

4. Petitioner's motion for temporary restraining order (ECF No. 2) and motion to appoint counsel (ECF No. 11) are DENIED as moot.

5. **The Clerk of Court is directed to serve Central Valley Annex with a copy of this Order.**

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: October 19, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE